# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONNA SHEEDY,**

      **Plaintiff,**

v.                                                    Case No: 6:16-cv-1893-Orl-31GJK

**ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, ADVENTIST RETIREMENT BOARD, ADVENTIST RETIREMENT PLAN ADMINISTRATIVE COMMITTEE and ADVENTIST HEALTH SYSTEM BENEFITS ADMINISTRATION COMMITTEE,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 62), the Plaintiff's Response (Doc. 73), and the Defendant's Reply (Doc. 76).

### I. Introduction

The Plaintiff, Donna Sheedy, has filed suit against Adventist Health Systems[1] ("AHS") and various affiliated entities (collectively, "Defendants"). Her Amended Complaint (Doc. 47) asserts fifteen claims: eleven claims based on the Employee Retirement Income Security Act[2]

---

[1] AHS is a non-profit healthcare conglomerate with more than 80,000 employees, operating in numerous states. Doc. 47 ¶ 30.

[2] 29 U.S.C. § 1001, *et seq*.

("ERISA"), one constitutional claim, and three state law claims. These claims involve two distinct defined-benefit pension plans associated with AHS: the Hospital Plan and the Merged Plan. The Plaintiff, who is a participant in these plans, contends that they are not "church" plans and are thus subject to ERISA requirements. Alternatively, she argues that ERISA's church plan exemption is unconstitutional under the Establishment Clause of the First Amendment to the United States Constitution (Count XII). Finally, she asserts three alternative state law claims: breach of contract (Count XIII), unjust enrichment (Count XIV), and breach of fiduciary duty (Count XV).

## II. Factual Background

The Plaintiff's claims all relate to pension plans connected to employment with Adventist Health Systems.[3] In addition to bringing suit against AHS, the Plaintiff also named the Adventist Retirement Board ("Retirement Board"), the Adventist Retirement Plan Administrative Committee ("Hospital Plan Committee"), and the Adventist Health System Benefits Administrative Committee ("Merged Plan Committee") as Defendants.

The Amended Complaint groups the pension plans at issue into two categories: the "Old Plan" and the "Frozen Plans."[4] Doc. 47 ¶ 46. Because the Plaintiff's usage of terms describing the Plans is inconsistent in its Memorandum in Opposition, the Court will use the Defendants' terms instead: "Hospital Plan" for the Old Plan and "Merged Plan" for the Frozen Plans.[5]

---

[3] The Plaintiff brings a class action suit against the Defendants on behalf of herself and all others similarly situated, but the class is not at issue here.

[4] The "Old Plan" is the Adventist Hospital Retirement Plan Trust, and the "Frozen Plans" are "the noncontributory defined benefit pension plans that certain of the Company's entities sponsored that were frozen in on or about December 2010." Doc. 47 ¶ 1.

[5] Although the Plaintiff refers to the Frozen Plans (plural), it appears that the plan at issue is the Merged Plan (singular).

According to the Amended Complaint, both the Hospital Plan and the Merged Plan "were established and are maintained by [AHS] to provide retirement [benefits] to employees." *Id.* ¶ 47. The Plaintiff states that neither Plan qualifies as a "church plan" under ERISA because they are not maintained by a church and the employees covered by the plans are not employed by an entity controlled or associated with a church. *Id.* ¶ 9. The Plans allegedly were established and maintained by AHS, which the Plaintiff claims is a business and not a church or a convention or association of churches. *Id.* ¶ 9, 47. According to the Amended Complaint, the underfunding of the Plans violates ERISA. *See id.* ¶ 10. The Plaintiff also contends that the Defendants have violated ERISA by failing to comply with reporting and disclosure requirements, failing to establish the Plans pursuant to a written instrument, failing to establish a trust as required, and breaching fiduciary duties. Alternatively, the Plaintiff asserts that even if the Plans are not subject to ERISA, the Defendants are liable for state law claims of breach of fiduciary duty, breach of contract, and unjust enrichment for failing to adequately fund the plans. *Id.* ¶ 11.

### A. The Hospital Plan

The Hospital Plan is a defined-benefit pension plan that was established in 1980, Doc. 63-1 at 7, and suspended in 1992. Doc. 63-5 at 28. The Plan is administered by the Retirement Board and the Hospital Plan Committee. The Plaintiff alleges that AHS did not make contributions to the Hospital Plan in 2012 or 2013, resulting in the Hospital Plan being "underfunded by $112 million as of December 31, 2013." Doc. 47 ¶ 2-3. However, according to the December 31, 2016 Audited Consolidated Financial Statements, the Hospital Plan is funded at 100.1% of its benefit obligations. Doc. 63-5 at 29.[6]

---

[6] The Plaintiff cites to this financial statement throughout her Amended Complaint. *See, e.g.*, Doc. 47 ¶ 2.

**B. The Merged Plan**

The Merged Plan, which is also a defined-benefit pension plan, was frozen in 2010. Doc. 47 ¶ 73. It is administered by the Merged Plan Committee. *Id.* ¶ 21. The 2016 Financial Statement reflects that this Plan is underfunded by $29 Million. Doc. 63-5 at 29.

**III. Legal Standards**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual

allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**IV. Analysis**

**A. The ERISA Claims**

In her first eleven counts, the Plaintiff sues both AHS and the three plan administrative committees, alleging violations of ERISA because neither plan is entitled to the church plan exemption.

**1. The Church Plan Exemption**

ERISA generally applies to any employee benefit plan, if it is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). However, ERISA contains an exemption for "church plans." Church plans are plans "established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A). Church plans include plans

> maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

29 U.S.C. § 1002(33)(C). "[A] plan maintained by a principal-purpose organization therefore qualifies as a 'church plan,' regardless of who established it." *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1663 (2017). The Defendants argue that the Plaintiff has failed to sufficiently allege that the plans in question are not church plans within the definitions laid out in the statute and in *Advocate*.

In simple English, a church plan includes: a plan maintained by an organization (1) which is controlled by or associated with a church, and (2) whose principal purpose is to administer or fund a retirement plan for church employees. The Plaintiff claims that these plans are maintained by AHS, whose purpose is to operate health care facilities. The Defendants contend that they are maintained by the designated administrative committees who are associated with the Seventh-Day Adventist Church.

The primary issue here is whether AHS can properly be said to "maintain" the plans in question within the meaning of the statute. The Defendants argue that administration of a pension plan satisfies the maintenance requirement, and that the plans are administered, and thus maintained, by the Retirement Board, the Hospital Plan Committee, and the Merged Plan Committee. Doc. 62 at 23. The Plaintiff alleges both plans are maintained by AHS, and that the principal purpose of AHS is to provide healthcare services. Doc. 47 at ¶ 88-90. The Defendants claim that the "Plaintiff is wrong as a matter of law that AHS maintains either of the Plans." Doc. 62 at 21. However, whether an entity maintains a pension plan is a fact-intensive inquiry[7], and it cannot be said at this point that AHS does or does not maintain the Plans as a matter of law. All of the Plaintiff's factual allegations are taken as true at this stage, and the Plaintiff has plausibly alleged that AHS is the entity that maintains the Plans. Whether a different entity—such as one of the administrating organizations named by the Defendants—in fact maintains the Plans is a question that cannot be resolved at this early stage. Because the Plaintiff has plausibly alleged that the Plans do not meet the first element of the Church Plan definition, the Court need not address the remaining elements.

---

[7] Although "maintain" is not defined within the statutory scheme, the ordinary meaning of the maintain in this context would be to ""care[] for the plan for purposes of operational productivity." *Medina v. Catholic Health Initiatives*, 877 F.3d 1213, 1226 (10th Cir. 2017) (citing *Black's Law Dictionary* 1039 (9th ed. 2009)).

### 2. The Plaintiff's Standing

The Defendants first contend that the Plaintiff has failed to establish standing for her claims of insufficient funding. Doc. 62 at 12. To have standing under Article III of the Constitution, a plaintiff must satisfy three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Allegations of future injury can establish standing if the threat of injury is "certainly impending" or if there exists a "'substantial risk' that harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). Second, there must be a causal connection between the injury and the conduct complained of; that is, the injury must be fairly traceable to the challenged action of the defendant rather than the result of independent action of a third party. *Lujan,* 504 U.S. at 560. And it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. The party invoking the jurisdiction of the federal courts has the burden of establishing each element. *Id*. The Defendants argue that, not only did the Plaintiff fail to adequately plead underfunding of the Plans, but that underfunding alone is insufficient to establish standing. Doc. 62 at 17.

The Defendants state that any risk of receiving pension payments lower than those proposed is "speculative" and does not constitute a concrete, particularized, actual, or imminent injury. Doc. 62 at 17. The Eleventh Circuit has not yet addressed the question of whether a plaintiff can establish constitutional standing based only upon allegations that a defined benefit plan is underfunded. Here, the Plaintiff alleges that she faces a future injury, stating that, as a result of the underfunding, she "faces substantial risk of her pension being lost or severely reduced." Doc. 47 ¶ 124.

### i. Hospital Plan

According to the December 31, 2016 Audited Consolidated Financial Statements, the Hospital Plan is funded at 100.1% of its benefit obligations. Doc. 63-5 at 29. If the very document cited by the Plaintiff in the Amended Complaint shows that the Hospital Plan is overfunded, she cannot possibly establish a substantial risk of future injury based on underfunding. Accordingly, the Plaintiff does not have standing to bring Count III with respect to the Hospital Plan.

### ii. Merged Plan

The Plaintiff does not explain why, even if the Merged Plan is presently underfunded, she faces a "substantial risk of her pension being lost or severely reduced." *See* Doc. 47 ¶ 124. She does not explain what benefit she is entitled to under the Merged Plan, or when that benefit is due. She does not indicate whether the Merged Plan has ever failed to make a required payment, nor does she indicate when the Merged Plan will need additional funding in order to meet its payment obligations. The Plaintiff has not adequately pleaded that she faces a substantial, rather than merely speculative, risk of future injury. Thus, the Plaintiff lacks standing to bring Count III with respect to the Merged Plan.

### 3. Counts II.A, II.C, VI, and VII: Whether AHS is a Proper Defendant Despite Not Being "Administrator" of the Plans

The Defendants argue that, because AHS is not the administrator of the Plans, AHS is not the proper defendant in Counts II.A, II.C, VI, and VII[8] of the Amended Complaint. Doc. 62 at 27. "Only plan administrators can be sued for violations of ERISA's notice and reporting requirements."

---

[8] Count II.A alleges a failure to file Annual Reports, in violation of ERISA; Count II.C alleges failure to provide funding notices, in violation of ERISA; Count VI seeks a clarification of future benefits under ERISA; and Count VII seeks a civil money penalty for failing to meet notice requirements, in violation of ERISA.

*Adair v. Johnston*, 221 F.R.D. 573, 580 (M.D. Ala. 2004); *see also* 29 U.S.C. §§ 1021–1031. The Plaintiff does not dispute this. Instead, the Plaintiff alleges that AHS is the "de facto administrator" of the Plans. Doc. 73 at 38. However, the Plaintiff clearly admits that entities other than AHS are the named administrators of the Plans. Furthermore, the Plaintiff cites the very statutory section dedicated to defining administrators for purposes of ERISA in those same paragraphs. Doc. 47 ¶ 60, 76. The statutory language is clear that the *designated* administrators are those who are responsible for disclosure violations. *See* 29 U.S.C. § 1002(16)(A). The Plaintiff argues that AHS should be liable as the plan sponsor, but the statute indicates that the plan sponsor is only considered an administrator in the absence of a designated administrator. *See id.* The Amended Complaint asserts that the Plans do indeed have named administrators, so there is no basis for the plan sponsor to be deemed the administrator in this case. Doc. 47 ¶ 60, 76. Accordingly, Counts II.A, II.C, and VII will be dismissed to the extent that they include AHS as a Defendant, and Count VI will be dismissed in full.

### 4. Counts VIII, IX, X, and XI: Breach of Fiduciary Duty and Prohibited Transactions under ERISA

The Defendants argue that Counts VIII, IX, and XI, against all Defendants, are insufficiently pled insofar as they fail to put the Defendants on notice of the claims against them. Doc. 62 at 29-30. Counts VIII, IX, and XI combine all Defendants together and fail to distinguish between actions taken by individual Defendants. Those three Counts also do not differentiate between violations with respect to the different Plans. Accordingly, Counts VIII, IX, and XI are all inadequately pled and will be dismissed without prejudice.

As for Count X, the Defendants aver that the Plaintiff has failed to adequately allege that (1) AHS is a fiduciary for the Hospital Plan and that (2) AHS had a duty to monitor. Doc. 62 at 30-32.

The Plaintiff's allegations relating to AHS as a fiduciary are conclusory assertions that do little more than restate the statutory elements. *See* Doc. 47 ¶ 58, 78. Count X does not adequately plead breach of fiduciary duty with respect to the Hospital Plan, and thus, it should be dismissed with respect to the Hospital Plan.[9]

### 5. Counts I, II.A, II.C, IV, VIII, IX, XI, and XIII: The Retirement Board, the Hospital Plan Committee, and the Merged Plan Committee as Defendants

The Plaintiff asserts several claims against the Retirement Board and the Hospital Plan Committee with respect to the Merged Plan, and several claims against the Merged Plan Committee with respect to the Hospital Plan, even though the Retirement Board and Hospital Plan Committee had nothing to do with the Merged Plans and the Merged Plan Committee had nothing to do with the Hospital Plan. Doc. 62 at 32-33. The Plaintiff concedes this, stating that claims against certain Defendants for certain Plans "should not be included" in the Amended Complaint. *See* Doc. 73 at 27 n.7. Accordingly, Counts I, II.A, II.C, III, IV, and XIII will be dismissed to the extent that they include claims against the Retirement Board and the Hospital Plan Committee with respect to the Merged Plans, and to the extent that they include claims against the Merged Plan Committee with respect to the Hospital Plan. Counts VIII, IX, and XI need not be addressed here, as they are already due to be dismissed in full because of the inadequate pleading discussed above in Subsection A(4).

## B. Count XII: The Church Plan Exemption Violates the Establishment Clause

The Plaintiff alleges that extension of the Church Plan exemption to AHS would violate the Establishment Clause of the First Amendment to the United States Constitution. The Defendants move to dismiss this claim, and the United States filed a Memorandum in Support of the

---

[9] The Defendants do not argue that Count X should be dismissed with respect to the Merged Plan, even though the Plaintiff pled that AHS breached its fiduciary duties with respect to both Plans. *See* Doc. 47 ¶ 167; Doc. 62 at 30-32.

Constitutionality of the ERISA Church Plan Exemption (Doc. 77). However, because the Court has not yet determined whether the Plans qualify as Church Plans, the Constitutional claim is premature.

### C. Counts XIII, XIV, and XV: State Law Claims

#### 1. Count XIII: Breach of Contract

The Defendants argue that the Plaintiff's state law claim for breach of contract fails to state a viable claim. First, the Defendants note that Count XIII is against all Defendants, but only makes allegations against AHS. Doc. 62 at 37. In the Response, the Plaintiff concedes that the contract claim is only against AHS.[10] Doc. 73 at 22 n.5. But the flaws in Count XIII do not end with a failure to distinguish between the Defendants; Count XIII also fails to differentiate between the Plans and their respective contractual provisions. With only references to "promises," "obligations," and "good faith," the Amended Complaint is not specific enough to state a claim for breach of at least two different contracts. Count XIII will be dismissed for failure to state a claim.

#### 2. Unjust Enrichment: Count XIV

The Plaintiff pleads unjust enrichment as an alternative to the breach of contract claim. Doc. 73 at 25. The elements of a claim for unjust enrichment under Florida law are: (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it. *Duncan v. Kasim, Inc.*, 810 So.2d 968, 971 (Fla. 5th DCA 2002). The Plaintiff claims that the benefits conferred on AHS included (1) tens of millions of dollars saved by not contributing to the Plans; (2) contributions of the Plaintiff and other class members made during the course of their employment, such as time, labor, and experience; and (3)

---

[10] This is the second time the Plaintiff has attempted to amend the Amended Complaint by footnote in her Response in Opposition.

avoidance of costs associated with higher employee turnover. But, in reality, the only benefit conferred on the Defendant by the Plaintiff was her labor and services, for which she received compensation by means of a salary or wages. Any money saved by underfunding these plans would not be a benefit conferred on AHS by the Plaintiff. There is simply no equitable claim here, so Count XIV will be dismissed.

### 3. Breach of Fiduciary Duty: Count XV

The Defendants contend that Count XV fails to distinguish between individual Defendants in its allegation that the Defendants breached fiduciary duties owed Plaintiff and the other class members. Doc. 62 at 38. The Court agrees. The Plaintiff's footnote, found in the Memorandum in Opposition, summarily stating that claims against the Retirement Board and the Hospital Plan Committee with respect to the Merged Plans, and claims against the Merged Plan Committee with respect to the Hospital Plan, should not be included in Count XV, is insufficient to cure the pleading deficiency. Accordingly, Count XV does not put each Defendant on fair notice of the claims against it, and it should be dismissed as inadequately pled. *Cf. Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1377 (S.D. Fla. 2011) (dismissing breach of fiduciary duty claim where unspecific allegations did not make clear which of the defendants was alleged to be liable for what conduct).

### V. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss (Doc. 62) is **GRANTED IN PART** and **DENIED IN PART**. Counts II.A, II.C, and VII are **DISMISSED** without prejudice to the extent that they include AHS as Defendant. Count III is **DISMISSED** without prejudice for lack of standing. Count X is **DISMISSED** without prejudice with respect to the Hospital Plan. Counts I, II.A, II.C, IV, and XIII are **DISMISSED** without prejudice to the extent that they include claims

against the Retirement Board and the Hospital Plan Committee with respect to the Merged Plan, and to the extent that they include claims against the Merged Plan Committee with respect to the Hospital Plan. Counts VI, VIII, IX, XI, XIII, XIV, and XV are **DISMISSED** in full, without prejudice. If the Plaintiff wishes to file an amended complaint, she must do so by August 17, 2018.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party