# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONNA SHEEDY,**

    **Plaintiff,**

**v.**                                                  Case No: 6:16-cv-1893-Orl-31GJK

**ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE
CORPORATION, ADVENTIST
RETIREMENT BOARD, ADVENTIST
RETIREMENT PLAN
ADMINISTRATIVE COMMITTEE and
DOES 1-9,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' Motion to Strike portions of Plaintiff's Third Amended Complaint and Motion to Dismiss (Doc. 122). Plaintiff filed a Memorandum in response to the motion (Doc. 126) and Defendants filed a Reply (Doc. 129). For the reasons set forth below, the Court will grant the motion and dismiss this case with prejudice.

### I. Background

The Plaintiff, Donna Sheedy, filed suit against Adventist Health Systems[1] ("AHS"), the Adventist Retirement Board ("Retirement Board"), and the Adventist Retirement Plan Administrative Committee ("Administrative Committee"), seeking relief concerning the Seventh Day Adventist Hospital Retirement Plan ("Hospital Plan"). Doc. 116 ¶ 2. The Hospital Plan is a defined-benefit pension plan that was established in 1980 and suspended in 1992. The Plan is administered by the Retirement Board and the Hospital Plan Committee. The Plaintiff alleges,

---

[1] AHS is a non-profit healthcare conglomerate with more than 80,000 employees, operating in numerous states. Doc. 116 ¶ 44, 46.

among other things, that the Defendants violated the Employee Retirement Income Security Act ("ERISA").

The Plaintiff first filed this lawsuit on October 28, 2016. Doc. 1. After identifying numerous deficiencies, including a failure to establish standing and incorrectly including certain defendants in various claims, the Court dismissed the First Amended Complaint without prejudice. The Plaintiff then filed her Second Amended Complaint, later abandoning portions of those claims and leaving the Court to ascertain which parts of which allegations remained. On March 25, 2019, the Court dismissed the convoluted remains of Plaintiff's Second Amended Complaint without prejudice and gave the Plaintiff another chance to replead. Doc. 112. In that order, the Court warned the Plaintiff that she should "draft any amended complaint carefully, considering whether she truly intends to include each claim and defendant and avoiding shotgun-style pleading." *Id.* at 3.

In her Third Amended Complaint (Doc. 116), the Plaintiff added new allegations and legal theories, but has failed to overcome the deficiencies that resulted in the dismissal of her prior complaints. Accordingly, the Plaintiff's Third Amended Complaint is also subject to dismissal.

**II.    Plaintiff's Third Amended Complaint**

Count I is brought derivatively on behalf of the Hospital Plan and seeks declaratory relief that the Hospital Plan is subject to ERISA and an order directing the Defendants to bring the Hospital Plan into compliance with ERISA. Count II is brought derivatively on behalf of the Hospital Plan and alleges violation of ERISA reporting and disclosure provisions with respect to annual reports against the Retirement Board and the Administrative Committee. Count III is brought derivatively on behalf of the Hospital Plan and alleges violation of ERISA reporting and disclosure provisions with respect to notice of underfunding against AHS. Count IV is brought as a class action and alleges violation of ERISA reporting and disclosure provisions with respect to funding notices against the Retirement Board and the Administrative Committee. Count V is brought derivatively on behalf of

the Hospital Plan and alleges failure to provide minimum funding in violation of ERISA against AHS, the Retirement Board, and the Administrative Committee. Count VI is brought as a class action and seeks a civil money penalty against AHS, the Retirement Board, and the Administrative Committee. Count VII is brought derivatively on behalf of the Hospital Plan and alleges breach of fiduciary duty under ERISA against the Retirement Board and the Administrative Committee. Count VIII is brought derivatively on behalf of the Hospital Plan and alleges breach of fiduciary duty under ERISA by engaging in prohibited transactions against the Retirement Board and the Administrative Committee. Count IX is brought derivatively on behalf of the Hospital Plan and seeks declaratory relief that the Church Plan Exemption as applied to Defendants violated the Establishment Clause. Count X is brought as a class action and alleges breach of contract and seeks specific performance against AHS. Count XI is brought as a class action and alleges breach of fiduciary duty against the Retirement Board and the Administrative Committee.

### III. Legal Standards

**A. Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a

short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**B. Standing**

To have standing under Article III of the Constitution, a plaintiff must satisfy three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Allegations of future injury can establish standing if the threat of injury is "certainly impending" or if there exists a "'substantial risk' that harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). Second, there must be a causal connection between the injury and the conduct complained of; that is, the injury must be fairly traceable to the challenged action of the defendant rather than the result of independent action of a third party. *Lujan,* 504 U.S. at 560. And it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. The party invoking the jurisdiction of the federal courts has the burden of establishing each element. *Id*.

As other courts have held, "individual plaintiffs bringing an action for monetary relief, even one brought derivatively on behalf of a plan, must personally satisfy the requirements of Article

III." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 584 (6th Cir. 2016); *see also Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 608 (6th Cir. 2007); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 200 (2d Cir. 2005); *Harley v. Minnesota Min. & Mfg. Co.*, 284 F.3d 901, 906 (8th Cir. 2002). A contrary decision would compromise the primary goal of ERISA, which "'is the protection of individual pension rights.'" *Harley v. Minnesota Min. & Mfg. Co.*, 284 F.3d 901, 907 (8th Cir. 2002) (quoting H.R. REP. NO. 93–533 (1974)).

**IV. Analysis**

**A. Motion to Dismiss**

**1. Count I**

Count I is brought derivatively on behalf of the Hospital Plan and seeks declaratory relief that the Hospital Plan is subject to ERISA and an order directing the Defendants to bring the Hospital Plan into compliance with ERISA. In Count I, the Plaintiff simply incorporates dozens of paragraphs from elsewhere in the Third Amended Complaint, quotes ERISA, and states what relief she seeks. The Plaintiff does not allege any concrete or particularized injury to the Hospital Plan or to the Plaintiff. Accordingly, Count I is due to be dismissed for a lack of standing.

**2. Counts II, III, and IV**

Counts II, III, and IV all deal with alleged procedural violations of ERISA. The Plaintiff once again incorporates the paragraphs she incorporated in Count I, summarizes a provision from ERISA, and states that the Retirement Board and the Administrative Committee failed to file annual reports, failed to provide the Plaintiff and other class members with ERISA notices, and failed to provide annual funding notices. The Defendants argue that such violations are insufficient, on their own, to establish standing. It is true that "[a] plaintiff must suffer some harm or risk of harm from the statutory violation to invoke the jurisdiction of a federal court." *Nicklaw v. Citimortgage, Inc.*,

839 F.3d 998, 1003 (11th Cir. 2016). And while it is possible to suffer harm from a procedural violation, the Plaintiff has not alleged any such harm with respect to Counts II, III, or IV.[2] The Plaintiff contends that the deprivation of ERISA safeguards itself constitutes an injury-in-fact. Perhaps so under certain circumstances, but the Court will not presume that any time there is a procedural violation of ERISA, there is a corresponding concrete injury. The onus is on the Plaintiff to plead any injuries suffered. Accordingly, Counts II, III, and IV are due to be dismissed for a lack of standing.

### 3. Count V

Count V is brought derivatively on behalf of the Hospital Plan and alleges that AHS, the Retirement Board, and the Administrative Committee failed to provide minimum funding in violation of ERISA. Although the Plaintiff clearly alleges that the Hospital Plan is underfunded by some standard, she does not adequately allege that the Hospital Plan is underfunded *for purposes of ERISA requirements*. In the Memorandum in Opposition, the Plaintiff cites to numerous paragraphs in support of her argument that she adequately alleged underfunding for purposes of ERISA. None of those paragraphs make such an allegation. Further, the Plaintiff essentially concedes the Defendants' argument that, by ERISA standards, a plan is only "at risk" if it is below eighty percent, and the Plaintiff alleged that, by the standard used by her expert, Mitchell Serota, the Hospital Plan was funded at 81%. Doc. 116 at 5. The Plaintiff has not adequately pleaded that the Hospital Plan is underfunded for purposes of ERISA, and Count V is due to be dismissed.

---

[2] With respect to Counts II and III, which are brought derivatively on behalf of the Hospital Plan, the Plaintiff does not explain how any procedural violations injured the Hospital Plan. Indeed, the Plaintiff does not allege any concrete or particularized injury to the Hospital Plan or to the Plaintiff in Counts II, III, or IV.

#### 4. Count VI

Count VI is brought as a class action and seeks a civil money penalty against AHS, the Retirement Board, and the Administrative Committee. Count VI suffers from the same problems as Counts II, III, and IV. Although the Plaintiff has alleged a procedural violation, she must also allege an injury. Because the Plaintiff has not done so, Count VI is due to be dismissed.

#### 5. Counts VII and VIII

Count VII is brought derivatively on behalf of the Hospital Plan and alleges breach of fiduciary duty against the Retirement Board and the Administrative Committee. Count VIII is brought derivatively on behalf of the Hospital Plan and alleges breach of fiduciary duty by engaging in prohibited transactions against the Retirement Board and the Administrative Committee. There is no allegation in Count VII or VIII that is specific to any individual defendant. The Court has previously warned the Plaintiff about this. Because the allegations in Counts VII and VIII fail to distinguish between the Retirement Board and the Administrative Committee, Counts VII and VIII fail to put the defendants on sufficient notice of the allegations against them. Counts VII and VIII are due to be dismissed.

#### 6. Count IX

Count IX is brought derivatively on behalf of the Hospital Plan and seeks declaratory relief that the Church Plan Exemption as applied to Defendants violated the Establishment Clause. The Plaintiff does not allege any concrete or particularized injury to the Hospital Plan or to the Plaintiff. Accordingly, Count IX is due to be dismissed for a lack of standing.

#### 7. Count X

Count X is brought as a class action and alleges breach of contract (alternatively, express and implied) and seeks specific performance against AHS. The Plaintiff appears to concede that there was no breach of an express contract; she does not respond to the Defendants' arguments at

all.[3] Even if she did not abandon the claim, the allegations are not specific enough to plead breach of an express contract.

The Plaintiff's implied breach alternative claim also fails. It is obvious from the pleadings that the Plaintiff firmly believes there is a written pension plan document and describes it as representing a contract between the parties. Nowhere does the Plaintiff allege that the written pension plan document does not exist. Accordingly, the Plaintiff has failed to state a claim for breach of an implied contract, as the law will not recognize a contract implied in fact where there is an express contract. *See Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010).

### 8. Count XI

Count XI is brought as a class action and alleges a state law claim for breach of fiduciary duty against the Retirement Board and the Administrative Committee. There is no allegation in Count XI that is specific to any individual defendant. The Court has previously warned the Plaintiff about this. Because the allegations in Count XI fail to distinguish between the Retirement Board and the Administrative Committee, Count XI fails to put the defendants on sufficient notice of the allegations against them. Count XI is due to be dismissed.

### B. Motion to Strike

Because the Court finds that the Third Amended Complaint should be dismissed in full, it need not address the Motion to Strike.

### V. Conclusion

Over the past two years, Plaintiff has been given numerous opportunities to plead a viable claim. She has failed to do so and the time has come to dismiss this suit with prejudice. It is, therefore,

---

[3] The Plaintiff has readily abandoned claims in past responses, so such abandonment would not be out of the ordinary.

**ORDERED** that the Motion to Dismiss (Doc. 122) is **GRANTED**. Plaintiff's Third Amended Complaint (Doc. 116) is **DISMISSED** with prejudice, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 7, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party